1  LATHAM & WATKINS LLP
   Daniel M. Wall (Bar No. 102580)
2  Christopher S. Yates (Bar No. 161273)
   Sadik Huseny (Bar No. 224659)
3  505 Montgomery Street, Suite 2000
   San Francisco, California 94111-6538
4  Telephone: (415) 391-0600
   Facsimile: (415) 395-8095
5  Email: Dan.Wall@lw.com
   Email: Chris.Yates@lw.com
6  Email: Sadik.Huseny@lw.com

7  Attorneys for Defendant
   APPLE INC.
8

9              UNITED STATES DISTRICT COURT

10             NORTHERN DISTRICT OF CALIFORNIA

11                    OAKLAND DIVISION

12

| ZACK WARD and THOMAS BUCHAR, on behalf of themselves and all others similarly situated, | CASE NO. C 12-05404-YGR |
| --- | --- |
| | Related to Case No. C 11-06714-YGR |
| Plaintiffs, | **STIPULATION AND [PROPOSED] ORDER DISMISSING PLAINTIFFS' COMPLAINT PURSUANT TO RULE 12(b)(7) OF THE FEDERAL RULES OF CIVIL PROCEDURE** |
| v. | |
| APPLE INC., | |
| Defendant. | |
| IN RE APPLE IPHONE ANTITRUST LITIGATION | |

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

STIPULATION AND ORDER
DISMISSING PLAINTIFFS' COMPLAINT
CASE NO. C 12-05404-YGR

1    WHEREAS, Plaintiffs filed the Complaint in this action, *Ward v. Apple Inc.* ("*Ward*"), on

2  October 19, 2012.

3    WHEREAS, on November 15, 2012, the Court ordered the instant *Ward* case related to

4  *In re Apple iPhone Antitrust Litigation*, Case No. 11-cv-6714-YGR ("*iPhone II*").

5    WHEREAS, the only claim for relief in *Ward,* Count I ("Conspiracy to Monopolize the

6  iPhone Voice and Data Services Aftermarket in Violation of Section 2 of the Sherman Act") is

7  substantially identical to Count III ("Conspiracy to Monopolize the iPhone Voice and Data

8  Services Aftermarket in Violation of Section 2 of the Sherman Act") of the Consolidated

9  Complaint in *iPhone II*.

10   WHEREAS, pursuant to Rules 12(b)(7) and 12(b)(6) of the Federal Rules of Civil

11 Procedure, Apple Inc. ("Apple") moved to dismiss Count III of the Consolidated Complaint in

12 *iPhone II* (ECF Nos. 36-40 and ECF No. 42, filed under seal pursuant to Order found at ECF No.

13 41), Plaintiffs opposed the motion (ECF Nos. 43-45), and Apple filed a reply brief in support of

14 its motion (ECF No. 56-57 and ECF 59, filed under seal pursuant to Order found at ECF 58).

15   WHEREAS, on July 11, 2012, Chief Judge Ware granted Apple's Rule 12(b)(7) motion

16 to dismiss for failure to join a necessary party and denied, without prejudice, Apple's Rule

17 12(b)(6) motion to dismiss for failure to state a claim (ECF No. 75).

18   WHEREAS, the Court's July 11, 2012 Order said: "The Court finds that ATTM [AT&T

19 Mobility LLC] is a necessary party and therefore must be joined as a party under Fed. R. Civ. P.

20 12(b)(7)."

21   WHEREAS, notwithstanding the Court's July 11, 2012 Order, Plaintiffs in *Ward* have

22 not named AT&T Mobility LLC as a defendant despite alleging the identical claim.

23   WHEREAS, Apple intends to move, as it did in *iPhone II* on the identical claim, to

24 dismiss the *Ward* Complaint for failure to join a necessary party, namely AT&T Mobility LLC,

25 and for failure to state a claim.

26   WHEREAS, Plaintiffs asserted in their portion of the Amended Joint Case Management

27 Conference Statement in *Ward* (ECF No. 15): "Should the Court decide to issue the same ruling

28 in this case regarding Count I as that issued by Judge Ware in the related case concerning Count

1

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

STIPULATION AND ORDER
DISMISSING PLAINTIFFS' COMPLAINT
CASE NO. C 12-05404-YGR

1 III (*see In re Apple iPhone Antitrust Litigation*, No. C 11-6714 YGR, ECF No. 75), dismiss the
2 claim and permit Plaintiffs to add ATTM as a party, Plaintiffs will stand on their existing
3 complaint and not add ATTM as a party. Therefore any such dismissal will become final and
4 immediately appealable to the Ninth Circuit Court of Appeals."

5     WHEREAS, during the Case Management Conference on December 10, 2012, counsel
6 for the parties discussed the *Ward* case and the Court indicated that if the parties agreed on a
7 stipulation dismissing the *Ward* case for failure to join a necessary party, AT&T Mobility LLC,
8 the Court would be inclined to enter a stipulated order dismissing the complaint and would
9 thereafter enter judgment in favor of Apple.

10     WHEREAS, consistent with Rule 1 of the Federal Rules of Civil Procedure, Plaintiffs
11 and Apple have conferred and agreed as follows:

12     1.    The only claim for relief in *Ward* (Count I) is substantially identical to Count III
13 of the Consolidated Complaint in *iPhone II*.

14     2.    Apple's notice of motion and motion to dismiss in *iPhone II* (ECF Nos. 37 and
15 42, filed under seal pursuant to Order found at ECF No. 41), shall serve as Apple's notice of
16 motion and motion to dismiss the *Ward* complaint. Those papers and the supporting documents
17 submitted by Apple in *iPhone II* (ECF Nos. 36-40 and ECF No. 42, filed under seal pursuant to
18 Order found at ECF No. 41) shall be deemed to refer to the *Ward* complaint and are properly
19 before the Court in connection with Apple's motion to dismiss the *Ward* complaint.

20     3.    Plaintiffs' opposition to Apple's motion to dismiss in *iPhone II* (ECF No. 44)
21 shall serve as Plaintiffs' opposition to Apple's motion to dismiss in *Ward.* Those papers and the
22 supporting documents submitted by Plaintiffs in *iPhone II* (ECF Nos. 43-45) shall be deemed to
23 refer to the *Ward* complaint and are properly before the Court in connection with Apple's motion
24 to dismiss the *Ward* complaint.

25     4.    Apple's reply in support of its motion to dismiss in *iPhone II* (ECF Nos. 56, 57
26 and 59, filed under seal pursuant to Order found at ECF No. 58) shall serve as Apple's reply in
27 support of its motion to dismiss in *Ward* and shall be deemed to refer to the *Ward* complaint and
28 are properly before the Court in connection with Apple's motion to dismiss the *Ward* complaint.

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

STIPULATION AND ORDER
DISMISSING PLAINTIFFS' COMPLAINT
CASE NO. C 12-05404-YGR

5. In order to permit Apple to perfect its record for any appeal, Apple submits the declaration attached as Exhibit 1 attesting to AT&T Mobility LLC's interest in this case.

6. The parties stipulate that the Court may enter the following order dismissing the case with prejudice for failure to join a necessary party and thereafter enter judgment in favor of Apple: "For the reasons set forth in Judge Ware's July 11, 2012 Order, the Court grants Apple's motion to dismiss Plaintiffs' Complaint pursuant to Rule 12(b)(7) of the Federal Rules of Civil Procedure for failure to join a necessary party, AT&T Mobility LLC. Given Plaintiffs' representation that they will stand on their Complaint and not name AT&T Mobility LLC as a defendant, the Court dismisses Plaintiffs' Complaint with prejudice and directs the Clerk to enter judgment in favor of Apple forthwith. In order to ensure a complete record for any appeal, the Clerk is directed to make the following documents from *In re Apple iPhone Antitrust Litigation*, No. C 11-6714 YGR, part of the record in this case: ECF Nos. 36-45, 56-59 and 75."

**IT IS SO STIPULATED AND AGREED.**

The authority for and concurrence in the filing of this stipulated request has been obtained from each of the signatories, pursuant to Civil Local Rule 5-1(i)(3).

Dated: December 14, 2012              Respectfully submitted,

                                      WOLF HALDENSTEIN ADLER FREEMAN
                                      & HERZ LLP


                                      By      /s/ Rachele R. Rickert
                                          Rachele R. Rickert
                                          Attorneys for Plaintiffs


Dated: December 14, 2012              Respectfully submitted,

                                      LATHAM & WATKINS LLP


                                      By      /s/ Christopher S. Yates
                                          Christopher S. Yates
                                          Attorneys for Defendant APPLE INC.

3

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

STIPULATION AND ORDER
DISMISSING PLAINTIFFS' COMPLAINT
CASE NO. C 12-05404-YGR

## ORDER

PURSUANT TO THE PARTIES' STIPULATION, and for the reasons set forth in Judge Ware's July 11, 2012 Order, the Court grants Apple's motion to dismiss Plaintiffs' Complaint pursuant to Rule 12(b)(7) of the Federal Rules of Civil Procedure for failure to join a necessary party, AT&T Mobility LLC. Given Plaintiffs' representation that they will stand on their Complaint and not name AT&T Mobility LLC as a defendant, the Court **DISMISSES** Plaintiffs' Complaint **WITH PREJUDICE**. In order to ensure a complete record for any appeal, the Clerk is directed to make the following documents from *In re Apple iPhone Antitrust Litigation*, No. C 11-6714 YGR, part of the record in this case: ECF Nos. 36-45, 56-59 and 75.

The parties are directed to meet and confer and submit to the Court a proposed judgment consistent with this Order by December 20, 2012.

This Order terminates Dkt. No. 22.

**IT IS SO ORDERED.**

Dated: December 17, 2012

_____
THE HONORABLE YVONNE GONZALEZ ROGERS
United States District Judge

SF\2333442

4

STIPULATION AND ORDER
DISMISSING PLAINTIFFS' COMPLAINT
CASE NO. C 12-05404-YGR

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
SAN FRANCISCO