**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| **ZACK WARD AND THOMAS BUCHAR,** on behalf of themselves and all others similarly situated**,**<br><br>        Plaintiffs**,**<br><br>    **v.**<br><br>**APPLE, INC.,**<br><br>        Defendant**.** | Case No.: **12-cv-5404 YGR**<br><br>**ORDER DENYING WITHOUT PREJUDICE STIPULATED PROTECTIVE ORDER**<br><br>Re: Dkt. No. 55 |

The parties' Stipulated Protective Order (Dkt. No. 55) is hereby **DENIED WITHOUT PREJUDICE**. The parties' proposed order does not conform to this District's Model Protective Order or to the undersigned's discovery procedures. The parties may file an amended motion for entry of the stipulated protective order. The District's Model Protective Order[1] and the undersigned's discovery procedures[2] are available for review online.

Further, the parties are directed to include the below language at Paragraph 6.3 on Judicial Intervention in order to conform to the undersigned's discovery procedures:

    6.3    <u>Judicial Intervention</u>. If the Parties cannot resolve a challenge without court intervention, the parties shall follow the Court's Standing Order in Civil Cases regarding Discovery and Discovery Motions. The parties may file a joint letter brief regarding retaining confidentiality

---

[1] *See* United States District Court, Northern District of California, "Stipulated Protective Orders," http://cand.uscourts.gov/stipprotectorder.

[2] *See* United States District Court, Northern District of California, Standing Orders of Judge Gonzalez Rogers, http://cand.uscourts.gov/ygrorders

within 21 days of the initial notice of challenge or within 14 days of the parties agreeing that the meet and confer process will not resolve their dispute, whichever is earlier. Failure by a Designating Party to file such discovery dispute letter within the applicable 21 or 14 day period (set forth above) with the Court shall automatically waive the confidentiality designation for each challenged designation. If, after submitting a joint letter brief, the Court allows that a motion may be filed, any such motion must be accompanied by a competent declaration affirming that the movant has complied with the meet and confer requirements imposed in the preceding paragraph. The Court, in its discretion, may elect to transfer the discovery matter to a Magistrate Judge.

In addition, the parties may file a joint letter brief regarding a challenge to a confidentiality designation at any time if there is good cause for doing so, including a challenge to the designation of a deposition transcript or any portions thereof. If, after submitting a joint letter brief, the Court allows that a motion may be filed, any motion brought pursuant to this provision must be accompanied by a competent declaration affirming that the movant has complied with the meet and confer requirements imposed by the preceding paragraph. The Court, in its discretion, may elect to refer the discovery matter to a Magistrate Judge.

The burden of persuasion in any such challenge proceeding shall be on the Designating Party. Frivolous challenges, and those made for an improper purpose (e.g., to harass or impose unnecessary expenses and burdens on other parties) may expose the Challenging Party to sanctions. Unless the Designating Party has waived the confidentiality designation by failing to file a letter brief to retain confidentiality as described above, all parties shall continue to afford the material in question the level of protection to which it is entitled under the Producing Party's designation until the court rules on the challenge.

This Order terminates Docket No. 55.

**IT IS SO ORDERED**.

Date: September 15, 2015

_____
**YVONNE GONZALEZ ROGERS**
**UNITED STATES DISTRICT COURT JUDGE**